1

2

3

4

5

6                              UNITED STATES DISTRICT COURT

7                                    DISTRICT OF NEVADA

8                                            * * *

9    In Re:                             )
                                        )
10   LINDA A. GARMONG,                  )            3:11-CV-0049-LRH-VPC
                                        )
11             Debtor.                  )
                                        )            ORDER
12   _____)
                                        )
13   LINDA A. GARMONG,                  )
                                        )
14             Appellant                )
                                        )
15    v.                                )
                                        )
16   GREGORY O. GARMONG,                )
                                        )
17             Appellee.                )
     _____)
18

19          Before the court is appellant Linda A. Garmong's motion to dismiss her appeal of the

20   United States Bankruptcy Court's order sustaining appellee Gregory O. Garmong's objection

21   (Doc. #1[1]). Doc. #5. Also before the court is Gregory Garmong's motion to dismiss (Doc. #7),

22   motion for sanctions (Doc. #11), and motion to stay (Doc. #12).

23          On June 30, 2010, Linda Garmong filed a Chapter 7 bankruptcy petition. As part of her

24   petition, she filed a form Schedule C claiming a limited life estate in property owned by Gregory

25   _____

26          [1] Refers to the court's docketing number.

1  Garmong as exempt from the bankruptcy estate. Gregory Garmong filed an objection to the

2  exemption which was sustained by the bankruptcy court. *See* Doc. #1, Exhibit B. Subsequently,

3  Linda Garmong initiated the present appeal. Doc. #1.

4       On February 3, 2011, after the appeal was filed, the bankruptcy court issued an order

5  finding that the limited life estate held by Linda Garmong was not property of the bankruptcy

6  estate. Both parties agree that the present appeal is now moot and should therefore be dismissed.

7  *See* Doc. ##5, 7. The only disputed issue is whether the dismissal should be with or without

8  prejudice.

9       The court has reviewed the documents and pleadings on file in this matter and finds that

10 dismissal of the bankruptcy appeal should be without prejudice. Although the February 3, 2011

11 order has made the underlying appeal moot, that order is likewise subject to appeal by either party.

12 A successful appeal of that order would make the present dispute about the limited life estate ripe.

13 Therefore, rather than foreclose Linda Garmong's ability to appeal, the court finds it appropriate to

14 dismiss the present appeal without prejudice.

15

16      IT IS THEREFORE ORDERED that appellant's motion to dismiss the bankruptcy appeal

17 (Doc. #5) is GRANTED. Appellant's bankruptcy appeal (Doc. #1) is DISMISSED without

18 prejudice.

19      IT IS FURTHER ORDERED that appellee's motion to dismiss (Doc. #7); motion for

20 sanctions (Doc. #11); and motion to stay (Doc. #12) are DENIED.

21      IT IS SO ORDERED.

22      DATED this 6th day of May, 2011.

23

24                                   _____

25                                   LARRY R. HICKS
                                     UNITED STATES DISTRICT JUDGE

26

2